Cromwell *v.* Burr.

---

WILLIAM H. CROMWELL, *et al.*, Appellants, *against* GEORGE L. BURR, Respondent.

(Decided February 7th, 1881.)

The provisions of the Code of Civil Procedure allowing an appeal from a specified part of a judgment have no application to an action at law in which judgment is rendered for a sum of money only; and upon an appeal by a party in whose favor such a judgment has been rendered, from so much of the judgment as denies to him the right to recover a greater sum, if such appeal brings up for review any ruling of the court below which was erroneous, the appellate court must of necessity reverse the judgment and order a new trial.

MOTION to amend a remittitur to the marine court of the city of New York upon reversal of a judgment of the general term of that court on appeal to this court.

The decision upon the appeal is reported *ante,* p. 256. A

remittitur conforming to that decision having been sent to the marine court, the appellant moved to amend the remittitur.

*E. P. Wilder*, for the motion.

*Wakeman & Latting*, in opposition.

PER CURIAM.—This is a motion to amend a remittitur sent from this court to the marine court. In the marine court in an action at law a money judgment only was entered in favor of the plaintiff. The plaintiff appealed from so much of said judgment as denied to the plaintiff the right to recover a greater or larger sum than that therein specified. Said judgment appears to have been affirmed by the general term of the marine court, and a like appeal was taken by the plaintiff to the general term of this court. Upon the argument of the last mentioned appeal this court rendered judgment reversing the judgment appealed from, and ordered a new trial, with costs to abide the event. The remittitur conforms to the judgment of this court, and the only question seems to be whether upon such an appeal this court should have reversed the judgment.

The appellant relies upon sections 1300 and 1317 of the Code to support his position upon this motion and cites several authorities.

An examination of those authorities shows that each of those cases was an action in equity, and not an action at law. In an action at law the provision of the Code that a party may appeal from a specific portion of the judgment can have no application, because the judgment is but one portion, namely, the amount which is recovered.

In an action in equity there may be and often are many separate and independent provisions contained in the judgment, and a party may appeal from any distinct and separate provision without appealing from the whole judgment; but in an action at law there are no such separate and distinct provisions, and consequently the party must necessarily appeal from the only provision in the judgment, which is that the plaintiff or defendant, as the case may be, recover so much money of the

opposing party to the action. Therefore this court, if there was any appeal before it which brought up for its consider-ation any ruling of the court below which was erroneous, must of necessity reverse the judgment and order a new trial.

The motion to amend the remittitur must therefore be denied, with $10 costs.

Motion denied, with $10 costs.